**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5121**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

SAMUEL EDDIE PHEASANT,

             Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:06-cr-00025-LHT-DLH-1)

Submitted:  March 13, 2009            Decided:  April 2, 2009

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Samuel Eddie Pheasant was convicted of first degree murder and use of a firearm during and in relation to a crime of violence, resulting in death. After the court imposed sentence of life imprisonment plus ten years, Pheasant noted an appeal. He contends that the district court abused its discretion by refusing to instruct the jury as to voluntary and involuntary manslaughter as lesser included offenses. Finding no abuse of discretion, we affirm.

An instruction on a lesser included offense is warranted only where the lesser included offense includes some, but not all of the elements of the charged offense; the evidence concerning the elements differentiating the two offenses is in sharp dispute; and the jury could rationally convict the defendant of the lesser offense and acquit him on the greater offense. United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993). This court reviews for abuse of discretion the district court's denial of a requested jury instruction. United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997).

The distinction between murder and manslaughter is the presence of malice. Murder is the "unlawful killing of a human being with malice aforethought." Manslaughter is defined as the "unlawful killing of a human being without malice." 18 U.S.C. § 1112(a) (2006).

Here, the evidence of malice was not contested. The evidence showed that Pheasant took offense at something Dennis Teesateskie said while the two were riding to a convenience store with Tracy West and Steven Kekahbah. Pheasant ordered West to stop the truck. When the truck eventually stopped for a stop sign, Pheasant jumped out, wrapped a length of chain around his hand and ordered Teesateskie off the truck. Instead of Pheasant punching out Teesateskie, Pheasant ended up on the ground. After this outing, Pheasant met with Joseph Johnson and discussed some yard work that Pheasant agreed to do for Johnson, returned to his home, picked up his rifle and ammunition, and went to the home of Teesateskie's girlfriend in Big Cove.

Teesateskie and his girlfriend and her children were in a truck about to leave the girlfriend's house. Pheasant, who had already loaded the rifle, aimed the rifle at Teesateskie. Teesateskie saw Pheasant and got off the truck; Pheasant shot him. When later asked why he shot Teesateskie, Pheasant replied, "because he pissed me off, man."

Contrary to Pheasant's assertion, the evidence would not support a verdict of voluntary manslaughter. There was no "sudden quarrel" or "heat of passion." See United States v. Elk, 658 F.2d 644, 649 (8th Cir. 1981). Rather, the provocation occurred hours earlier when Teesateskie said something that upset Pheasant and later punched Pheasant in the mouth. After

3

those events, Pheasant went and discussed yard work he was to do for Mr. Johnson, sitting and visiting with him for a while; he also went home, collected his rifle and drove to Big Cove. This evidence negates any assertion that the shooting was done in the heat of passion "without deliberation and reflection." Id. (citations omitted).

Although Pheasant proposes that the killing shot was fired as the two men fought over the rifle, this theory is refuted by the evidence. Pheasant admitted that he fired the shot from twenty yards away. Moreover, the forensic pathologist testified that Teesateskie died of a single gunshot to the "upper abdomen, lower chest area" and that there was no soot deposit on or near the wound, indicating that the shot was not fired at close range.

Additionally, the evidence would not support a conviction for involuntary manslaughter. Pheasant asserts in his brief that it is possible that he merely wished to talk to Teesateskie and brought the rifle for protection. If this were the case, the evidence could support a finding of self defense, but not involuntary manslaughter. Or, the evidence could support a finding of a non-premeditated killing, which would be second degree murder. There is no evidence to show that Pheasant engaged in an unlawful act, which is not a felony, or a lawful act in an unlawful or reckless manner, which resulted in

4

Teesateskie's death.  We find that a rational jury could not have found Pheasant guilty of involuntary manslaughter.

Accordingly, we find that the district court did not abuse its discretion in refusing to instruct the jury on the voluntary and involuntary manslaughter as lesser included offenses of murder.  See Stotts, 113 F.3d at 496.  We therefore affirm Pheasant's conviction for murder.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED